# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| TEXAS BEEF LTD. d/b/a TEXAS BEEF CATTLE CO., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:10-CV-0285-J |
| McCLAVE STATE BANK and CURTIS FOOS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant McClave State Bank's *Motion to Dismiss for Lack of Jurisdiction*. Defendant Foos has not yet entered an appearance in this action. The jurisdictional facts here are largely undisputed.

On August 21, 2008, Defendants McClave State Bank and Curtis Foos, along with Foos' wife Valerie Foos, entered into an agreement for the extension of a line of credit in the principal amount of $525,000.00 in order to finance Foos' ongoing cattle purchases and operations. McClave State Bank and Foos signed a Commercial Security Agreement on August 21, 2008 in which Foos granted McClave State Bank a security interest in "all cattle now owned or hereinafter acquired" and branded with a specific brand, along with the particular cattle described in a cattle inventory sheet dated the same day. Also the same day, McClave State Bank filed a UCC Financing Statement with the Colorado Secretary of State.

McClave State Bank is a state bank that is charted and does business in Colorado. Its only office is in McClave, Colorado. It has no offices or employees in Texas and does not do

1

business in Texas. It has no depositors or borrowers who are residents of Texas, nor does it advertise in Texas.

Texas Beef is a Texas limited partnership with its principal place of business in Amarillo, Texas. In March and April of 2010, Texas Beef entered into three agreements with Foos for operation and care of its cattle. The agreements identify Texas Beef as the owner and Foos as the operator, and specify that Foos was responsible for the care of 1097 head of cattle. Additionally, Foos agreed that he would not represent that the cattle were owned by anyone other than Texas Beef.

In January 2010, McClave State Bank received a report indicating that Foos was doing business with Texas Beef.

Until sometime in the fall of 2010, Foos cared for three separate groups of cattle in Aguilar, Colorado, Campo, Colorado, and Bazine, Kansas. In October, Texas Beef transported the cattle to feedyards near Gruver, Texas and Sunray, Texas, where the cattle is currently located.

McClave State Bank called Texas Beef in November of 2010 to notify Texas Beef that it was asserting an interest in the cattle. Texas Beef filed suit in this Court on December 8, 2010 against both McClave State Bank and Foos.

## **STANDARD**

When a foreign defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing evidence of this Court's jurisdiction. *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338 (5th Cir. 2002) (citation omitted), *cert. denied*, 540 U.S. 814 (2003). When ruling on a motion to dismiss for lack of personal jurisdiction without an

evidentiary hearing, Plaintiff may meet his burden by presenting prima facie evidence that jurisdiction is proper. *Id.* (citation omitted). This Court must accept Plaintiff's factual allegations as true and resolve all factual disputes in Plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865 (5th Cir. 2001) (citation omitted). When making a prima facie showing of jurisdiction, the plaintiff must provide affirmative proof based on facts in the record and may not rely solely on unsupported allegations. *B.J. Tidwell Industries, Inc. v. Zawacki*, 645 F.Supp.2d 7 (D.Me. 2009).

## DISCUSSION

In a suit based in diversity, this Court may exercise personal jurisdiction over a foreign defendant if the Texas long-arm statute creates personal jurisdiction over Defendant and the exercise of such jurisdiction is consistent with constitutional due process. *Panda Brandywine Corp.*, 253 F.3d at 867. The Texas long-arm statute permits jurisdiction against foreign defendants who claim an adverse interest in property. TEX. CIV. PRAC. & REM. CODE ANN. § 17.003. Therefore, the only inquiry remaining is whether the exercise of personal jurisdiction over McClave State Bank is consistent with constitutional due process.

The Due Process Clause "permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself to the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citation omitted). The first prong focuses on the defendant's actions and whether the defendant purposely availed himself of the benefits and protections of the forum state. *Applewhite v. Metro Aviation, Inc.*,

875 F.2d 491, 495 (5th Cir. 1989). The second prong focuses on the interest of the state in providing a forum, the convenience (or inconvenience) of the parties, and basic fairness. *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir. 1983) (citation omitted).

Two types of 'minimum contacts' may constitute purposeful availment sufficient to support jurisdiction: contacts giving rise to specific jurisdiction and contacts giving rise to general jurisdiction. *Id.* (citation omitted).

Specific jurisdiction refers to contacts that are directly related to the litigation, in which there must be some act by which the defendant purposefully availed himself of the benefits of the forum state. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). The foundation of specific personal jurisdiction rests on the relationship between the defendant, the forum, and the litigation. *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186 (1977)). "So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State," the actor need not have physically entered the State to establish sufficient contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

Unilateral activity directed at a foreign defendant is insufficient to establish 'minimum contacts' to support specific jurisdiction. *Id.* at 478. Merely entering into a contract with a resident of the forum is also insufficient to establish personal jurisdiction. *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2078190 (S.D.Tex. 2008) (quotation omitted). A central requirement of 'purposeful availment' is that the contact with the forum must be brought about by the defendant and not by some unilateral activity of another person. *Johnson v. Kindred*, 285 S.W.3d 895, 901 (Tex.App. –Dallas 2009).

"*In rem* jurisdiction is an alternative to personal jurisdiction, wherein a court exercises power over disputed property existing within its territorial jurisdiction." *Lewis v. Time Warner*

*Cable Inc.*, 2008 WL 559549 at *2 (W.D.Tex. 2008) (citation omitted). A judgment *in rem* affects the interests of all persons in designated property. *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12.

The due process requirement of 'minimum contacts' also applies to *in rem* proceedings. *See Shaffer v. Heitner*, 433 U.S. 186 (1977). ". . . [R]egardless of whether the action is instituted *in personam, quasi in rem* or otherwise, all exercises of jurisdiction must be measured by the terms of the due process clause of the United States Constitution." *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 495 (5th Cir. 1989).

McClave State Bank asserts that because it does not do business in Texas and did not have any business dealings with either Texas Beef or Foos in Texas, its contacts are insufficient to confer personal jurisdiction. McClave State Bank argues that it made a line of credit loan to Foos in Colorado which was purportedly secured by cattle located in Colorado; it was unaware that any of Foos' cattle were moved to Texas.

Texas Beef does not dispute McClave State Bank's factual assertions of its lack of contacts with Texas. Instead, Texas Beef argues that McClave State Bank's alleged ownership interest along with its assertion of that interest is sufficient for specific personal jurisdiction. Texas Beef notes that McClave State Bank called Texas Beef at its Texas office to assert an interest in the property, and argues that this is sufficient contact to establish 'minimum contacts.' Texas Beef argues that this is a true *in rem* proceeding to determine property ownership interests.

*In rem* proceedings are still subject to the confines of the Due Process Clause, including the 'minimum contacts' requirement for exercising personal jurisdiction. *See Shaffer*, 433 U.S. 186; *Applewhite*, 875 F.2d at 495.

McClave State Bank never contracted with anyone in the state of Texas. McClave State Bank never had any business dealings with any Texas residents. McClave State Bank has no business presence in Texas. The only connection McClave State Bank has to Texas is that, a few months before this lawsuit was filed, cattle in which McClave State Bank asserts an interest were moved here without its knowledge or consent. McClave State Bank has never purposefully availed itself of the benefits or protections of the state of Texas. The transfer of cattle to Texas was a unilateral action on the part of Texas Beef (and/or Foos) of which McClave State Bank had no participation in or knowledge of.

Under Texas Beef's reasoning, it could transport the cattle to any forum it wished and file suit against McClave State Bank. At a very minimum, this idea offends "traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (citation omitted). Additionally, as both Defendants are Colorado residents, and Texas Beef knowingly entered into contractual relations with a Colorado resident (Foos) to care for cattle within the state of Colorado, the second prong of the inquiry – the fairness prong – does not weigh in the favor of exercising personal jurisdiction over McClave State Bank in Texas.

## CONCLUSION

McClave State Bank's *Motion to Dismiss for Lack of Jurisdiction* is GRANTED and the current action against Defendant McClave State Bank is hereby DISMISSED without prejudice. It is SO ORDERED.

Signed this 18th day of February, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE